United States District Court
District of Connecticut

Gerald J. Silva,
   PlanTiff,

    V.

D.K. Williams,
   Defendant.

Case No. 3:18-CV-1770 (MPS)

March 13, 2019

## Amended Complaint

On February 22, 2019, the Honorable Judge Michael P. Shea, United States District Judge provided an analysis regarding the above named case and rendered a decision to dismiss the case without prejudice and provided this PlanTiff with the opportunity to file an Amended Complaint that addressed the deficiencies that exist in the original Complaint. The fore-mentioned documents were received by this Plantiff on 2/28/19.

The following is an Amended Complaint that is intended to provide the necessary information that is required for this case to be accepted and to move forward in the Courts.

### Regarding Inmates' Lost Wages

① Page 3, Paragraph 2 states that although this PlanTiff implied that he is one of the inmates who had their wages garnished, but did not speciffically state that he is one of those inmates, PlanTiff has no standing.

Amendment: PlanTiff states that he is specifically one of the inmates whose wages were garnished for the alleged purpose of FCI Danbury's administration making their budget. Plantiff has attached documents that verify this PlanTiff's promised pay, actual pay, and examples of the significance of inmates' pay. (Please see attached document #1).

② Page 3, Paragraph 2 also states that this PlanTiff never alleged any cognizable injury as a result of the Defendant's conduct.

Amendment: PlanTiff contends that the garnishing of this in-mate's pay, as well as those of other inmates', resulting in the loss of income is in itself an injury. Regardless of how this inmate, or others, planned to use the income for current needs/wants or to

Amended Complaint
Page 2

Save for future expenditures, is not relevant to this case. It is this Plantiff's contention that taking an inmate's promised earned salary for the fore-mentioned purpose is "Theft" of money, which should be treated as such by the Courts. Plantiff contends that theft is illegal under the Constitutional laws of this country, (which may fall under the R.I.C.O Statute in this case), and the act of theft is not voided as a crime due to the status of the victim(s) being an inmate(s), nor do the laws of this country stop at the perimeters of a prison facility.

③ Page 3, Paragraph 3 states that Plantiff must show ① an injury in fact, ② a casual connection between that injury and the complained-of-conduct, and ③ a likelihood that the injury will be addressed by a favorable decision.

Amendment: Plantiff specifically states that ① The loss of Plantiff's income is an injury that meets all standards of cognizant criteria for injury; ② The administration of F.C.I Danbury under the supervision of the Defendant is alleged to be responsible for the garnishing of Plantiff's and other inmates' salaries resulting in the loss of income; ③ A favorable decision by this Court to have the administration return the lost income to Plantiff and other inmates; a court order directing F.C.I. Danbury's administration to refrain from future transgressions, against any inmate's salaries; a court order requiring the F.B.O.P. to pay inmates wages that are in accordance with the law established in the Congressional Justice Improvement Act (1979); and the establishment of a court ordered external oversight authority to monitor the administration's compliance with the fore-mentioned Court orders, will most certainly eliminate the current injuries, and possibly prevent future injuries.

Amended Complaint
Page 3

④ Page 3, Paragraph 4 states That The Court is unable To discern if Plantiff is bringing This case on his behalf or The behalf of others.

Amendment: Plantiff is bringing This case before The Court on behalf of all The effected inmates, including Plantiff, who have allegedly had Their wages garnished by F.C.I. Danbury's administration To make Their budget, Plantiff contends That a "Class Action Lawsuit" is justifiable since The facts of This case meet The following criteria:

    A. The class is so large That it would not be practical for everyone in it To bring The suit and appear in Court.

    B. The questions of law and fact are common To The class.

    C. The claims made by Plantiff are similar To The claims of everyone in The class.

    D. Since The evidence needed To support The claim is readibly available Through The "Discovery" process, Plantiff is able To fairly and adaquately protect The interests of The class.

In addition,

    E. The administration has acted The same towards everyone in The class, (although The amounts of lost wages may vary), so That final injunctive relief or declaratory relief is appropriate for The class as a whole.

Plantiff states that if The Court for any reason decides That this complaint cannot move forward as a "class action" lawsuit, Plantiff wants To proceed with The complaint on an individual basis.

Amended Complaint
Page 4

⑤ Page 5, Paragraph 2 refers to the Unicor Work Program.

Note: PlanTiff believes That it is important for The Court to know That That This complaint does not involve Unicor Employment. Unicor was abolished at This facility years ago. Therefore, PlanTiff contends That any reference, regulations, rules, etc. perTaining To That program are mooT in This case.

⑥ Page 7, Paragraph 1 addresses The issue of withholding inmates' pay due to restitution or other obligations.

Amendment: PlanTiff states That PlanTiff does not have any restitution or other obligations That would warrent The garnishing of PlanTiff's wages. Additionally, PlanTiff states That at no Time were PlanTiff's wages withheld due To poor job performance. Furthermore, PlanTiff states That This complaint does not include any claim for wages That were legally withheld for The fore mentioned purposes.

⑦ Amendment: PlanTiff contends That The administration's failure To pay inmates' salaries in full is The same as Taking a person's work effort for free, which constitutes a form of Slavery. The United States Government was a major contributor and signiatory To The United Nation's "Universal Declaration of Human Rights" in which Article 4 forbids slavery in all its forms, and article 30 states That no one has The right To interfere with The articles of The Declaration.

Amended Complaint
Page 5

⑧ Page 4, Paragraph 4 states That Plantiff must establish "entitlement" To wages.

Amendment: Plantiff may be remiss, but Plantiff did not see any reference in The "Analysis" To the Congressional (Justice Improvement Act (1979), which requires That inmates be paid the same wage as free employees performing The same tasks with no more Than 80% deducted for room, board, and victims' funds. Plantiff conTends That F.C.I. Danbury administration is in flagrant violation of This law, and That This act gives Plantiff and other inmates "entitlement" To Their wages.

Furthermore, Plantiff conTends That although inmates may not be "entitled" To work, once a work assignment and wages have been established beTween an inmate and the staff, the prisoner is "entitled" To The promised wages.

⑨ Amendment: Plantiff conTends That past Court Decisions That deprive a person of just comphensation for his/her labor, are misguided and unconstitutional. Plantiff respectfully requests That This Court correct those errors Through its findings for This case inorder To reinstate and proTect The rights and proper TreaTmenT of prisoners.

Ammended Complaint

Page 6

Regarding Price Gouging at Commissary

① Page 3, Paragraph 2 states that Plantiff does not have any standing regarding "price gouging" since Plantiff did not allege that Plantiff had purchased any products at Commissary,

Amendment: Plantiff has provided confirmation that Plantiff has made purchases at Commissary, including at least one product in question. Plantiff states that Plantiff attempted to purchase another product in question for which verification will need to be obtained thru the "Discovery" process, (Please see Attachment #2)

However, Plantiff contends that the actual purchase of products at commissary that may be the subject of this complaint for the purpose of gaining standing is moot. Plantiff contends that the requirement that Plantiff, or anyone, must subject himself to purchasing an item that is unjustly overpriced in order to simply gain standing is not rational. Plantiff contends that subjecting oneself to financial abuse should not be a requirement for inmates to participate in the benefits of using the commissary. The title of "inmate" should not be synonymous with "unrestricted financial abuse".

② Page 4, Paragraph 2 states that even if Plantiff has standing, it wouldn't matter because previous Courts have ruled that (Plantiff) prisoners have no "Constitutional right to access commissary".

Ammendment: Plantiff respectfully contests the findings of previous Court rulings stating that inmates have no Constitutional right to "access" Commissary.

Ammended Complaint

Page 7

Plantiff appreciates and supports this court's decision to raise this issue for discussion separate from the issues regarding price gouging,

Plantiff contends that providing access to a commissary by inmates should no longer be considered an option for the F.B.O.P. Since they do not provide basic needs to inmates, such as soap, deoderant, Toothpaste, shampoo, etc.. These basic needs are only available thru purchase at commissary or from other inmates. Plantiff contends that depriving an inmate access to the right to obtain basic human needs, separate from pricing issues, is unconstitutional.

Furthermore, Plantiff contends that it is reasonable to conceive that the humanitarians who first developed and then established commissaries in the prison systems of this country understood that incarceration facilities are almost completely devoid of positive mental stimulation or psychological comfort. The implementation of a commissary that not only provides basic human physical needs but also physical "comfort" food/items, helps to provide some physical pleasure to inmates that contributes to prisoners' emotional and psychological well-being and stability. To dissuade or prevent inmates from accessing the emotional and psychological benefits of commissary that are not otherwise provided by the institution on a consistent basis, if at all, unreasonably and unjustly deprives them of the right to obtain these basic human needs, which is unconstitutional. Striving to achieve and maintain homeostasis is essential for a person's well-being.

Ammended Complaint

Page 8

Participation in Commissary is one of the few appropriate pursuits of happiness available to inmates within the penal system. Plantiff contends that the pursuit of happiness is a right guarrenteed to all citizens under the protection of the Constitution and does not stop at the perimeter of a penal facility. Since the opportunities for this pursuit are severely limited in a prison environment, the need to protect this right is even greater.

Plantiff contends that this Court is justified in correcting the misguided decisions made in previous Court rulings in which they may not have been as well informed and cognizant of the facts of this situation or how they are applicable within the context of the micro-society where those cases and this one exists. Plantiff contends that just because previous Courts made rulings pertaining to this issue, it doesn't neccessarily mean that they were right or that their rulings are appropriate to apply to this case.

③ Page 3, Paragraph 3 states that Plantiff must show ① an injury in fact, ② a casual connection between that injury and the complained-of-conduct, and ③ a likelihood that the injury will be addressed by a favorable decision.

Ammendment: Plantiff contends that ① depriving inmates of their right to purchase basic human needs for physical, emotional, and psychological well-being and stability, and the loss of money due to the alleged overcharging of products, is cognizable injury, ② the alleged unjustifiable inflation of some products at commissary at F.C.I. Danbury is the cause of prisoners' inability to purchase

Ammended Complaint
Page 9

certain basic needs products that are overpriced and is the cause of loss money for those who did purchase the overpriced item(s) ③ Although the Court may not feel comfortable telling penal institutions what prices to charge for products, Plantiff contends that the Court can establish maximum limits on the percentage of markups of items that fairly corresponds with those of established discount retailers, suchas Walmart, to prevent the financial abuse of prisoners, and that the Court can establish an oversight authority to monitor the facilities' compliance with that Court order which should resolve the issues related to this claim and should prevent future financial and basic needs abuses in the future. Plantiff also contends that this Court can also declare that prisoners have the Constitutional right to access commissary to obtain their basic physical, emotional, and psychological needs, which will resolve any undue stress and confussion surrounding this issue and facillitate prisoners' right to reasonably pursue happiness within the confines of a penal instution.

④ Page 3, Paragraph 4 states that the Court is unable to discern if Plantiff is bringing this case on his behalf or the behalf of others,

   Ammendment : Plantiff contends that the over pricing and charging at F.C.I. Danbury's Commissary and all the injuries and deprivations that this creates, meets the same criteria for a "Class Action Lawsuit" as described in the "Garnishing of Wages" section of this Ammended Complaint that is located on Page 3, section 4, under "Ammendment".

(Note Attachment #3, Page A-1b, has additional legal references),

Ammended Complaint

Page 10

Summary statement: Plantiff does not know of any "right" That prison administrations have under The Constitution of The United States of America To financially exploit prisoners, whether it be by withholding wages, overcharging at Commissary, or otherwise.

Declaration under Penalty of Perjury

By signing This complaint, I certify That under penalty of perjury That The information contained in This complaint is True and accurate To The best of my knowledge. I understand That if I lie in This complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. Sections 1621, 3571.

Signature: Gerald A. Schia

Signed at F.C.I. Danbury, CT on 3/13/19