UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GERALD J. SILVA, | : | |
|     Plaintiff, | : | CASE NO. 3:18-CV-1770 (MPS) |
| | : | |
| v. | : | |
| | : | |
| D.K. WILLIAMS, | : | |
|     Defendant. | : | April 16, 2019 |

**RULING ON AMENDED COMPLAINT (ECF No. 9)**

On October 26, 2018, the plaintiff, Gerald J. Silva, a *pro se* inmate currently confined at the Federal Correctional Institution in Danbury ("FCI Danbury"), Connecticut, brought a civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against the warden of FCI Danbury, D.K. Williams. Compl. (ECF No. 1) at 1-2. The complaint seeks monetary and injunctive relief against the defendant for "garnishing inmates' wages" and "price gouging" items in the prison commissary. *Id.* at 5-6. The Court dismissed the complaint without prejudice because (1) the plaintiff failed to allege facts showing that he had standing to bring the wage garnishing claim, and (2) his "price gouging" claim was not cognizable. Initial Review Order (ECF No. 7) at 3-4. In doing so, the Court permitted the plaintiff to file an amended complaint alleging facts showing that he had standing to bring the wage garnishing claim against the defendant. *Id.* at 4, 8.

On March 18, 2019, the plaintiff filed an amended complaint alleging that the Bureau of Prisons garnished wages he earned at FCI Danbury in 2018. Am. Compl. (ECF No. 9) at 1; Pl.'s Attach. 1 (ECF No. 9-1) at 1-5. Specifically, he alleges that he was promised a monthly pay of $70.00 but only received $58.15. Pl.'s Attach. 1 at 5.

Although plaintiff now adequately pleads standing, even construing his allegations liberally, the Court would be inclined to dismiss the plaintiff's amended complaint for the following reasons. Plaintiff's Fifth Amendment due process claim for garnishing of his wages against the defendant in his individual capacity for damages may not be cognizable under *Bivens*. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1859–60 (2017) (holding that "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by this Court," a special factors analysis is required to determine whether a *Bivens* cause of action can be implied).[1] Plaintiff is also precluded from recovering injunctive relief against the defendant in his official capacity under *Bivens*. *See Polanco v. U.S. Drug Enf't Admin.*, 158 F.3d 647, 652 (2d Cir.1998) (stating that "a *Bivens* action . . . [is] . . . (by definition) a claim for money damages, whereas [plaintiff] seeks equitable relief."); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (affirming dismissal of *Bivens* action against federal officers in their official capacities). Nonetheless, plaintiff <u>may</u> be able to obtain such injunctive relief under a different cause of action, such as 28 U.S.C. § 2241, the Administrative Procedure Act, or a writ of mandamus. *See, e.g.*, *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (recognizing the availability of 28 U.S.C. § 2241 as a vehicle for prisoner's claim for injunctive relief challenging federal conditions of confinement); *Polanco*, 158 F.3d at 652 ("[The APA] waives sovereign immunity in an action seeking equitable relief from

---

[1] The plaintiff has indicated that he wishes to bring this claim on behalf of himself and all "[a]ffected inmates" at FCI Danbury and, therefore, requests that this Court designate this case as a class action lawsuit. Am. Compl. at 3. He adds, however, that if this Court decides that this case cannot move forward as a class action suit, he still wishes to proceed with the complaint "on an individual basis." *Id.* Courts in this Circuit have held that a *pro se* plaintiff cannot adequately represent absent class members and thus cannot bring a class action. *See, e.g., Jaffe v. Capital One Bank*, No. 09 CIV. 4106 (PGG), 2010 WL 691639, at *10–11 (S.D.N.Y. Mar. 1, 2010). In any event, the plaintiff's effort to demonstrate compliance with Rule 23 here consists of conclusory statements. (ECF No. 9 at 3.) Because plaintiff will soon have representation, however, any amended complaint may attempt to replead the class allegations.

2

wrongful agency action, except where (i) the action also seeks monetary relief; (ii) there is an adequate remedy at law; or (iii) the action is precluded from judicial review by statute or committed by law to agency discretion.").

The plaintiff, through his amended complaint, also takes issue with the Court's dismissal of his "price gouging" claim, contending that the inflation of prices for necessary items such as hygiene products, deprives him and other FCI Danbury inmates of basic human needs. *See* Am. Compl. at 6-7. However, the plaintiff has not shown that the defendant is depriving him of food, clothing, medical care, or reasonable safety simply because he cannot afford to purchase several hygiene products through commissary. *See Alster v. Goord*, 745 F. Supp. 2d 317, 335 (S.D.N.Y. 2010) (discussing standard for inhumane conditions of confinement claim under Eighth Amendment). As the Court stated in its Initial Review Order, the plaintiff does not have a constitutional right to access a commissary; Initial Review Order at 4 (quoting *Montalvo v. Lamy*, 139 F. Supp. 3d 597, 606 (W.D.N.Y. 2015)); and the plaintiff has not cited any authority that the Court has overlooked or failed to address.

Nonetheless, for the reasons stated in the Initial Review Order, the Court believes plaintiff's Fifth Amendment due process claim for garnishing of his wages may have merit, but turns on complex legal issues that are difficult for plaintiff to adequately present. Accordingly, the Court will appoint counsel under *Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986). Counsel shall confer with plaintiff and, within **45 days** from counsel's appointment, file a second amended complaint that attempts to rectify the flaws identified in this order.

It is so ordered.

Dated at Hartford, Connecticut this 16th day of April 2019.

                                                                                  /s/\
                                                                       Michael P. Shea\
                                                                       United States District Judge